UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EUGENE CUMMINGS, #25784**

  **Plaintiff,**

                Case No: 06-CV-14477
                **Honorable Denise Page Hood**
                **Magistrate Judge Mona K. Majzoub**

v.

**54th JUDICIAL DISTRICT COURT, et. al.,**

  **Defendants.**

___

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT WITH PREJUDICE**

This matter is before the court on Plaintiff's Eugene Cummings' *pro se,* civil rights complaint pursuant to 42 U.S.C. §1983, filed on October 12, 2006. For the reasons stated below, the court will summarily dismiss the complaint with prejudice.

**I. Introduction**

Plaintiff, Eugene Cummings, is presently confined at Tuscola County Jail in Caro, Michigan. Plaintiff's complaint does not focus upon challenging the conditions of his prison life, although it is a very small portion of Plaintiff's claim, but rather places more emphasis upon the circumstances surrounding his conviction, his plea, and his sentencing.[1] Accordingly, Plaintiff has filed this lawsuit against the 54th Judicial Circuit Court, the Tuscola Jail, his attorney (Elaine Sawyer), the Caro Police Department & Adult Probation. Upon review of the pleadings, the court will summarily dismiss the Petition with prejudice for: (1) failure to state a claim, (2) bringing a

___

[1]Plaintiff's complaint does not state any facts regarding the offenses of which he was convicted, the circumstances surrounding his plea, or the length of his sentence.

frivolous action, and (3) failure to exhaust administrative remedies.

## II. Standard of Review

### A. Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). The Court must read Plaintiff's *pro se* Complaint indulgently, construe it liberally, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. at 33. A complaint fails to state a claim upon which relief may be granted where it appears beyond doubt that the plaintiff can prove no set of facts supporting his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. *Id.*

### B. Frivolous Claim

A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). See also, *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

### C. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28

U.S.C. §1257. *Tropf v. Fidelity Nat. Title Ins. Co.,* 289 F.3d 929, 936 (6th Cir. 2002). The Supreme court recently reaffirmed the doctrine, holding that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.* 544 U.S. 280, 283-84 ( 2005).

### D. Failure to Exhaust Administrative Remedies

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law, *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures. *Booth v. Churner,* 532 U.S. 731, 741 & 741 n.6 (2001). Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'" *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005).

In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry*

*v. Scott*, 249 F.3d 493, 505 (6th Cir.2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003).

### III. Discussion

#### A. Plaintiff Has Failed to State a Claim Upon Which Relief May be Granted

In this case, Plaintiff's civil rights complaint presents an issue of whether his claims are cognizable in this prisoner civil rights action under 42 U.S.C. § 1983. "[A] §1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."*Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). The required analysis focuses on the remedy resulting from a prisoner's success on the merits of his or her claims, rather than on the particular remedy sought by the complaint. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Consequently, even if the prisoner seeks monetary damages for claimed constitutional violations, his or her complaint is not cognizable under § 1983 when success on the merits ""necessarily imp[ies] the invalidity of the punishment imposed." *Wood v. Balisok,* 520 U.S. 641, 648 (1997); see *Heck*, 512 U.S. at 487. In the event that claims are not cognizable under §1983, the claims should not be stayed while the prisoner exhausts them in state court. "Section 1983 contains no judicially imposed exhaustion requirement, *Heck*, 512 U.S. at 481, 483; absent some other bar to the suit, a claim is either cognizable under §1983 and should immediately go forward, or it is not and should be dismissed." *Wood*, 520 U.S. at 649.

In this case a significant portion of Plaintiff's complaint does not at all address or challenge the conditions of his prison life. The extent of Plaintiff's dispute relative to his prison life conditions is his claim that the law library needs updating. Plaintiff's complaint centers around is claims about the following: (1) invalid plea deal; (2) improper sentence; (3) defamation of character by Adult Probation; (4) false charges lodged against the Plaintiff by the Caro Police Department; and

(5) ineffective assistance of counsel.

To the extent that Plaintiff has not challenged the conditions of his prison life, or alleged any facts which rise to the level of being deprived of a federal constitutional right as a prisoner, Plaintiff's complaint is dismissed with prejudice.

**B. Plaintiff's Cause of Action is Frivolous**

Plaintiff has filed this lawsuit against the 54th Judicial Circuit Court, Tuscola County Jail, Elaine Sawyer, the Caro Police Department & Adult Probation

Relative to Plaintiff's claim against the 54th Judicial Circuit Court, case law provides that it is not a suable entity. *Haverstick Enters., Inc. v. Financial Fed. Credit, Inc.*, 32 F.3d 989 (6th Cir.1994). Regarding Plaintiff's lawsuit against the Tuscola County Jail, a county jail is likewise not a suable entity within the meaning of 42 U.S.C. § 1983. *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn.1984). Therefore, the claims against the 54th Judicial Circuit Court and Tuscola County Jail are dismissed.

If the Court, however, were to construe Plaintiff's complaint as naming Tuscola County as the party defendant instead of the Tuscola County Jail, See *Hafer v. Melo*, 502 U.S. 21 (1991), Plaintiff's claim would still fail. The Sixth Circuit has held that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or the county. *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997); see *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 692 (1978). The Plaintiff in this case has failed to make any allegations relative to the unconstitutionality of any Tuscola County or Tuscola County Jail policies.

Relative to the Caro Police Department and Adult Probation, another department, the Caro Police Department is not a separate, suable entity apart from the City of Caro. See *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994). Moreover, governmental divisions and departments are not suable entities. See *Farris v. Shelby County*, 2006 WL 1049320, at *1 n. 2 (W.D. Tenn. April 20, 2006). Therefore, to the extent that Plaintiff attempts to assert separate claims against the "Caro Police Department," and Adult Probation, those claims are dismissed.

However, again if the Court were to construe Plaintiff's complaint as being against the city of Caro, a municipality cannot be sued under § 1983 solely on the basis that an injury has been inflicted by one or more of its police officers. The doctrine of *respondeat superior* does not apply to governmental entities. *Board of County Commissioners of Bryan College v. Brown*, 520 U.S. 387, 403 (1997). A governmental entity is liable under 42 U.S.C. § 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Plaintiff is required to demonstrate that the City of Caro, through its deliberate conduct, was the "moving force" behind the alleged deprivation of Plaintiff's rights secured under the Constitution of the United States. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

A custom must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 695 (1978). It must reflect a course of action deliberately chosen by the city from among various alternatives. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). Plaintiff must also show that there is a direct causal link between a city policy or custom and the deprivation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. at 385-86 (1989). This causation element is necessary to avoid imposing

*de facto respondeat superior* liability on the city under 42 U.S.C. § 1983, which is prohibited by *Monell* and its progeny. *Doe v. Claiborne County, Tn*, 103 F.3d 495, 507 (6th Cir.1996).

Plaintiff in this case not only fails to set forth any custom or policy allegations of liability relative to the City of Caro, but fails to allege any constitutional deprivation of rights. Accordingly, Plaintiff's claim must fail.

The remaining party is Plaintiff's former attorney, Elaine Sawyer. Plaintiff states that he is suing her "for the misrepresentation." That is the extent of his claim against Ms. Sawyer. Plaintiff does not articulate any facts or argument setting forth what Ms. Sawyer allegedly did to misrepresent his interests. Not only does Plaintiff fail to articulate any alleged wrongdoing that Ms. Sawyer engaged in, but more importantly, he failed to establish how Ms. Sawyer's alleged actions are relevant to a constitutional challenge to the conditions of Plaintiff's prison life.

For these reasons, the Court finds that Plaintiff's claims against these party Defendants are frivolous.

**C. *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. See, e.g., *Hart Comerica Bank,* 957 F. Supp. 958, 968-70 (E.D. Mich. 1997). The doctrine applies where, as here the court is presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions." *Id.* at 970.

In this case, the gravaman of Plaintiff's complaint is the underlying criminal matter. Plaintiff alleges error relative to his conviction, his plea, and his sentencing. Since Plaintiff states in his complaint that he entered into his plea deal on June 26, 2006, it is apparent to the Court that Plaintiff has not appealed any of the issues he is challenging to the state appellate courts. Plaintiff therefore

7

asks this court to review the state court matter and set aside the orders of the state court judge.

This Court, however, lacks subject matter jurisdiction over theses claims under the *Rooker-Feldman* doctrine. See, *Gottfried v. Med. Planning Serve.,* Inc., 142 F.3d 326, 330 (6th Cir. 1998). The court must dismiss this case because Plaintiff's claims are "inextricably intertwined" with the state circuit court decision. "Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decision or any issues that either the state court or the parties considered or raised, or would have , in the course of the state course decisions." *Id.* Inasmuch as it is apparent from the face of the complaint that the court lacks subject matter jurisdiction over this case, the court will dismiss the action as being barred by the *Rooker-Feldman* doctrine.

### D. Plaintiff has Failed to Exhaust his Administrative Remedies

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure. *See, MDOC Policy Directive 03.02.130 (Dec. 19, 2003).* These procedures:

> require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated. If the grievance is denied at this level, the prisoner can appeal it to the prison's warden. If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. *See*, *MDOC Policy Directive 03.02.130.* Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey,* 407 F.3d at 803 n.

In this case, Plaintiff admittedly has filed no grievances regarding the alleged inadequate library facilities. Plaintiff offers no explanation for his failure to exhaust his administrative remedies, nor has Plaintiff shown that exhaustion would be futile.

Since Plaintiff has failed to meet his burden of showing that he has fully exhausted the required administrative remedies as to the claims contained in his Complaint, this matter would

ordinarily be dismissed without prejudice. However, since Plaintiff has failed to state a claim upon which relief can be granted and the court finds that Plaintiff's complaint to be frivolous, as set forth above, this matter is dismissed with prejudice.

**IV. Conclusion**

For the reasons stated, IT IS ORDERED that the Plaintiff's "Complaint" [Doc. #1, filed October 12, 2006] is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees" [Doc. #2, filed October 12, 2006] is **DENIED** as moot since the Plaintiff paid the filing fee in full on October 17, 2006.

s/ DENISE PAGE HOOD<br>
HONORABLE DENISE PAGE HOOD<br>
UNITED STATES DISTRICT COURT

Dated: October 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2006, by electronic and/or ordinary mail.

S/William F. Lewis<br>
Case Manager